UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

```
------------------------------------------------------------ X
                                                             :
DR. JAYARAM CHIGURUPATI,                                     :
PADMASREE CHIGURUPATI, and                                   :       Civil Action: 10- 5495 (PGS)
ZENOTECH LLC,                                                :
                Plaintiffs,                                  :       OPINION
        v.                                                   :
                                                             :
DAIICHI SANKYO COMPANY, LIMITED,                             :       August 8, 2011
                                                             :
                Defendant.                                   :
------------------------------------------------------------ X
```

SALAS, UNITED STATES DISTRICT JUDGE:

### I. INTRODUCTION

This action stems from an alleged oral agreement between Plaintiff Dr. Jayaram Chigurupati and Defendant Daiichi Sankyo Company, Ltd. ("Defendant" or "Daiichi Sankyo") wherein Defendant agreed to purchase 25% of Zenotech LLC's ("Zenotech") shares that are collectively owned by Plaintiffs Dr. Jayaram Chigurupati and Padmasree Chigurupati (collectively the "Plaintiffs"). The parties allegedly formed the agreement during a meeting in December 2008 in Krishna, Hyderabad, India.

Pending before this Court is Defendant's Motion to Dismiss the Complaint for Lack of Personal Jurisdiction or, in the alternative, under the doctrine of *forum non conveniens*. Because this Court finds that an Indian court is a reasonable alternative forum and a balancing of the public and private factors demonstrates that trial in this district would result in oppression or

1

vexation to Defendant which is out of proportion to the Plaintiffs' convenience, the Court hereby **GRANTS** Defendant's motion to dismiss on *forum non conveniens* grounds.[1]

## II.  BACKGROUND

**A.    Plaintiffs**

According to the allegations in the Complaint, Plaintiffs Dr. Jayaram Chigurupati and Padmasree Chigurupati are husband and wife residing in Jupiter, Florida. (*See* Docket Entry No. 1, the "Complaint" ("Compl."), at ¶¶ 2-3). Plaintiff Zenotech LLC is a limited liability company incorporated in Delaware that develops and manufactures generic biopharmaceuticals and markets them to populations with unmet medical needs. (Compl. at ¶¶ 4, 17). Dr. Chigurupati started Zenotech in 2003 in Hyderabad, India and together with his wife, collectively owns 25% of Zenotech's shares. (Compl. at ¶ 5).

**B.    Defendants**

Daiichi Sankyo is Japanese company formed under the laws of Japan and has its principal place of business in Tokyo, Japan. (Compl. at ¶ 9). In or around June 2008, Daiichi Sankyo acquired a number of Ranbaxy Laboratories Ltd.'s shares, which owned approximately 46.7% of Zenotech's shares. (Compl. at ¶¶ 18-25). As a result of the changes in corporate ownership, Daiichi Sankyo, through Ranbaxy, acquired approximately 47% of the voting rights in Zenotech. (Compl. at ¶ 24).

---

[1]  Because the Court has decided this motion on *forum non conveniens* grounds, the Court need not undertake an analysis of Defendant's personal jurisdiction arguments.  *See Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007) ("[a] district court may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisidction, when considerations of convenience, fairness and judicial economy so warrant").

On or about June 11, 2008, Daiichi Sankyo made an "Open Offer" to the public shareholders of Zenotech to acquire a minimum of 20% of the Equity Shares of Zenotech at a price to be determined by the Securities and Exchange Board of India ("SEBI"). (Compl. at ¶ 25).

**C.      Alleged Oral Contract**

On or about June 12, 2008, Dr. Chigurupati requested a meeting with Daiichi Sankyo to discuss the interests of Zenotech's shareholders in light of Daiichi Sankyo's proposed acquisition of additional shares of Zenotech. (Compl. at ¶ 26). Between June 2008 and July 2008, Dr. Chigurupati, Mr. Malvinder Singh, Managing Director of Ranbaxy, and Dr. Une Tsutomu, Member of the Board and Senior Executive Officer of Daiichi Sankyo, held a series of meetings in London and in Delhi, India. (Compl. at ¶¶ 27- 31). During a meeting in Delhi on or about July 21, 2008, Mr. Atul Sobti, Chief Operating Officer of Ranbaxy, and Mr. Singh proposed to Dr. Chigurupati a transaction where Daiichi Sankyo would acquire 16% of Zenotech's shares from Plaintiffs at Rs.195[2] per share, which included a control and non-complete premium. In exchange, Dr. Chigurupati would agree to step down as the Managing Director and Chief Executive Officer of Zenotech. Further, Daiichi Sankyo agreed to offer other shareholders of Zenotech Rs. 160 per share in the open offer. (Compl. at ¶ 32). Dr. Une approved the agreement in writing and informed Dr. Chigurupati that Daiichi Sankyo and Ranbaxy would have to conduct due diligence on Zenotech. (Compl. at ¶¶ 32-35).

In early December 2008, Daiichi Sankyo led a team to conduct a site visit of Zenotech in Hyderabad, India. (Compl. at ¶ 35).  Following the site visit, on December 20, 2008, Dr. Chigurupati met with Dr. Une and his team in Taj Krishna, Hyderabad, India.  During this

---

[2]      Stocks traded on the Mumbai Stock Exchange are quoted in Indian Rupees (INR) or "rupees".

meeting, Plaintiffs allege that Dr. Une orally offered to buy Dr. Chigurupati's entire 25% stake in Zenotech at Rs. 160 per share without any control premium. Dr. Chigurupati claims that he accepted the offer, which constituted an agreement between the parties. (Compl. at ¶ 36). A draft agreement was presented to Dr. Chigurupati and the parties agreed to work out the remaining details following the holiday. (Compl. at ¶¶ 37-38).

Between December 2008 and January 2009, the parties exchanged information and drafts of documents. (Compl. at ¶ 40). The closing was scheduled for January 16, 2009, where Dr. Chigurupati was to sign the documents in Hyderabad, India and the President and Chief Executive Officer of Daiichi Sankyo would do the same in Tokyo, Japan. (Compl. at ¶ 41). On or about January 15, 2009, a day before the closing, Mr. Anad Pathak, Daiichi Sankyo's legal counsel, informed Dr. Chigurupati that because he had failed to submit residency information to Daiichi Sankyo, it would not proceed with the transaction. (Compl. at ¶ 42). On January 19, 2009, contrary to the alleged oral agreement, Daiichi Sankyo issued a public announcement for an open offer to acquire shares of Zenotech at Rs. 113.62 per share. (Compl. at ¶ 45).

D.   Proceedings in India

In January 2009, Dr. Chigurupati filed a complaint against Daiichi Sankyo with SEBI for breach of an oral agreement because Daiichi Sankyo announced an offer price of Rs. 113.62 per share of Zenotech instead of the agreed upon Rs. 160 per share. (*See* Docket Entry No. 6-1, Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint ("Def. Br.") at 4). Plaintiffs, however, assert that the complaint did not allege breach of contract but instead alleged that the price per share offered by Daiichi Sankyo violated SEBI Regulations and SEBI Act of 1992. (Docket Entry No. 16, "Memorandum of Law in Opposition to Defendant's Motion

to Dismiss" ("Opp. Br.") at 32 n. 5).   Nevertheless, on June 22, 2009, SEBI dismissed the complaint. (Def. Br. at 4).

Dr. Chigurupati appealed the order before the Securities Appellate Tribunal in Mumbai, India on July 17, 2009.  (*Id.*; *see also* Certification of Jayaram Chigurupati in Opposition to Defendant's Motion to Dismiss ("Chigurupati Cert." at ¶ 15).  Daiichi Sankyo submitted a reply on August 6, 2009 denying Dr. Chigurupati's claim that an oral agreement was entered into between Daiichi Sankyo and Dr. Chigurupati. On October 7, 2009, the Securities Appellate Tribunal allowed the appeal and revised Daiichi Sankyo's offer price to Zenotech shareholders. (Chigurupati Cert. at ¶ 15).  Daiichi Sankyo subsequently filed an appeal before the Supreme Court of India on October 19, 2009. (Def. Br. at 5).  On July 8, 2010, the Supreme Court of India reversed the decision of the Securities Appellate Tribunal. (*Id.*; Chigurupati Cert. at ¶ 16). The decision is not subject to further appeal. (Def. Br. at 5).

On June 30, 2009, Plaintiffs filed a petition against Daiichi Sankyo with the Company Law Board in Chennai, India seeking redress for the alleged oppression and mismanagement of Zenotech.  (Def. Br. at 5; Chigurupati Cert. at ¶ 19).   The petition claims that Daiichi Sankyo negated the terms of the agreement by announcing an offer price of Rs. 113.62 per share of Zenotech instead of the agreed upon Rs. 160 per share.  This petition is currently pending. (Def. Br. at 6).

### III.  DISCUSSION

A.  *Forum Non Conveniens* **Framework**

Under the common law doctrine of *forum non conveniens,* a district court may dismiss a case if "a court abroad is the more appropriate and convenient forum for adjudicating the controversy." *Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 425

(2007). The decision to dismiss a case on *forum non conveniens* grounds rests in the sound discretion of the trial court. *Windt v. Qwest Commc'ns Int'l, Inc.,* 529 F.3d 183, 188-189 (3d Cir. 2008). "The district court is accorded substantial flexibility in evaluating a *forum non conveniens* motion and each case turns on it its facts." *Windt,* 529 F.3d at 188 (internal citations omitted). "Dismissal for *forum non conveniens* reflects a court's assessment for a range of consideration, most notably the convenience of the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality." *Sinochem,* 549 U.S. at 429 (internal citations omitted).

When considering a motion to dismiss on *forum non conveniens* grounds, the court must address: (1) the availability of an adequate alternative forum that can entertain the case; (2) the amount of deference due to the plaintiff's forum of choice; (3) the private interest factors; and (4) the public interest factors. *Windt,* 529 F. 3d at 190. "If the balance of these factors indicates that trial in the chosen forum would result in oppression or vexation to the defendant out of proportion to the plaintiff's convenience or when the chosen forum is inappropriate due to the court's own administrative and legal problems," the district court, may in its discretion, dismiss the case on *forum non conveniens* grounds. *Eurofins Pharma US Holdings v. BioAlliance Pharma SA,* 623 F.3d 147, 160 (3d. Cir. 2010) (citing *Windt,* 529 F.3d at 190). It is well established that the Defendant bears the burden of satisfying all elements in a *forum non conveniens* inquiry. *Auxer v. Alcoa,* No. 09-995, 2010 U.S. Dist. LEXIS 30092, at *20 (W.D. Pa. March 29, 2010).

B.  **Adequate Alternative Forum**

This Court must first address whether an adequate alternative forum is available. Notably, "[i]nadequacy of the alternative forum is rarely a barrier to a *forum non conveniens*

dismissal." *Auxer*, 2010 U.S. Dist. LEXIS 30092, at *20. To satisfy the adequacy requirement "(1) defendant must be amenable to process in the alternative forum and (2) the subject matter of the lawsuit must be cognizable in the alternative forum where the plaintiff can be afforded appropriate redress." *Id.* Generally, a party satisfies the adequate alternative forum element "when the defendant is amenable to process in another jurisdiction." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254 n.22. (1981). However, if the alternative forum fails to offer satisfactory remedies, such forum will nonetheless be inadequate. *Id.*

The extensive litigation history in India between the parties evinces Defendant's claim that Daiichi Sankyo is amenable to process in India. (Def. Br. at 12-13). Furthermore, the parties do not dispute that this matter requires the application of Indian law and that a breach of contract claim is cognizable under India's contract law. (Docket Entry No. 33, Reply Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint ("Reply Br.") at 12). Federal Courts have also held that the courts of India provide an adequate forum to resolve civil disputes. *USHA, Ltd. v. Honeywell Int'l, Inc.*, 421 F. 3d 129, 135 (2d Cir. 2005) (finding the New Delhi High Court to be an adequate forum to resolve a number of claims arising under the laws of India, despite the allegations that the New Delhi High Court has a backlog of cases on its docket; parties permitted to re-file case if litigation in India proved unduly lengthy). *Ramakrishna v. Besser Company,* 172 F. Supp. 2d 926, 931 (E.D. Mich. 2001) (finding an Indian court to be a reasonable alternate forum to adjudicate a breach of contract claim).

Plaintiffs argue that Defendants failed to meet their burden because the record lacks "competent, expert, substantive analysis of Indian law." (Opp. Br. at 32). The satisfaction of the first prong, however, does not require the Court to "conduct[] complex exercises in comparative law." *Piper Aircraft,* 454 U.S. at 251. The purpose of the doctrine of *forum non conveniens* was

designed in part to avoid having district courts engage in complex choice-of-law analysis and interpret laws of foreign jurisdictions. Accordingly, this Court finds India to be an adequate alternative forum to resolve the dispute at bar.

C.     **Deference to Plaintiff's Choice of Forum**

The plaintiff's chosen forum is granted a strong presumption of convenience; however, the presumption is overcome when the balance of public and private interests clearly favors an alternate forum. *Windt,* 529 F.3d at 190. When the plaintiff is foreign to the jurisdiction, the plaintiff's choice receives less deference unless it can make a strong showing of convenience. *Id.* The place of residence of the plaintiff, though granted substantial deference, is not dispositive in a *forum non conveniens* analysis. In fact, there has been a trend in common law generally to shy away from according a "talismanic significance to the citizenship or residence of the parties." *Alcoa S.S. Co. v. M/V Nordic Regent,* 654 F. 2d 147, 154 (2d Cir. 1980). A citizen of the United States does not have an absolute and unbridled right to use the Courts of the United Sates, especially if they are doing business abroad. *Thomson v. Palmieri,* 355 F.2d 64, 65 (2d Cir. 1966).

Defendant argues that none of the parties to the litigation are residents of New Jersey. Daiichi Sankyo's corporate headquarters is located in Tokyo, Japan, Dr. and Mrs. Chigurupati are residents of Florida and Zenotech is incorporated in the State of Delaware with a site in India. *See* Compl. at ¶¶ 2-4, 7, 35.  In support of its argument that this Court should grant Plaintiffs' choice of forum high deference, Plaintiffs argue that (1) Dr. and Mrs. Chigurupati own a residence in New Jersey and are citizens of the United States; (2) Plaintiff Zenotech is located in the United States and organized under the laws of the State of Delaware; (3) and Defendant regularly does business in the United States and New Jersey. *See* Opp. Br. at 30.

8

Plaintiffs have not alleged any activity related to the instant dispute that occurred in New Jersey to merit the Court giving the Plaintiff's choice of forum substantial deference. Instead, the locus of the events relating to the dispute occurred in India, including the negotiation meetings and alleged agreement. Plaintiffs have already litigated one related case and another is currently pending in India. Merely because Dr. and Mrs. Chigurupati own a residence in New Jersey, where they do not currently reside, does not convince this Court that their choice deserves much deference. Moreover, Plaintiffs have not demonstrated any connection that Zenontech has to the State of New Jersey. As such, the Court will give the Plaintiff's choice of forum a low degree of deference as Plaintiffs have not made a strong showing of convenience in litigating this case in New Jersey.

**D.      Balancing of Private and Public Interest Factors**

    **1.      Private Interest**

The private interest factors that the District Court must consider include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses; (3) the cost of obtaining attendance of willing witnesses; (4) the possibility of view of premises, if view would be appropriate to the action; (5) enforceability of judgments and all other practical problems that make trial of a case easy, expeditious and inexpensive. *Auxer,* 2010 U.S. Dist. LEXIS 30092, at *28-29 (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508-509 (1947) (superseded by statute on other grounds).

Here, the facts, as alleged by Plaintiffs, giving rise to this dispute occurred in India. *See* (Compl. at ¶¶ 16, 26 to 45). As such, it also appears that the evidence and witnesses are likely located outside of New Jersey and in either India or Japan. *See id.*; *see also* Def. Br. at 16. Moreover, the Court agrees with Defendant's position that a trial in New Jersey would be both

9

lengthy and expensive as the witnesses to the alleged oral agreement would be required to travel great distances in order to appear before this Court.  Therefore, factors one, two, three and five weigh in favor of dismissal.  As to factor four, while Zenotech has a site in India, neither party has addressed whether a site visit would be necessary.  Therefore, factor four neither weighs for or against dismissal.

Plaintiffs relied heavily on *Graft v. Quest Comm'n Corp.,* a case that analyzed an issue dissimilar to the one at bar for the proposition that the party seeking dismissal must identify the essential witnesses to be called, their location and what their testimony will cover. (Opp. Br. at 35) (citing to *Graft v. Quest Comm'n Corp.,* 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999)). *Graft*, however, concerned whether the court should transfer the case pursuant to 28 U.S.C. § 1404(a) from the United States Court for the District of Minnesota to United States District Court for the District of Colorado and did not relate to nor discuss the issue of *forum non conveniens*.  As such, the Court does not find this case persuasive.

In sum, the Court finds that the private factors weigh in favor of dismissal because a trial in New Jersey would result in "oppression or vexation" to Defendant that is out of proportion to Plaintiffs' convenience.

**2.    Public Interest**

The District Court also considers public interest factors that include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) unnecessary problems in conflict of laws, or in the application foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *Auxer,* 2010 U.S. Dist. LEXIS 30092, at *35 (citing *Piper*

10

*Aircraft,* 454 U.S. at 241 n. 6). The Third Circuit has also held that the "district court must consider the locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to plaintiff's chosen forum." *Id.*

As to the first factor, neither party has addressed the administrative difficulties flowing from court congestion in either India or New Jersey. As such, the first factor neither weighs for or against dismissal. Second, Plaintiffs have not demonstrated the local interest in having this matter decided by this Court. Again, the locus of the majority of the relevant conduct occurred in India. Though Plaintiffs may have resided in New Jersey at that time the negotiations took place, the alleged oral agreement itself transpired in a meeting in India. *See* Compl. at ¶ 36. Meetings related to the purported agreement occurred primarily in India, with at least one meeting taking place in London. *See id.* at ¶¶ 29, 32. As such, Plaintiffs have not demonstrated how New Jersey has a significant interest in the matter. In fact, the Court finds that the local interest in having this case heard in an Indian forum is stronger than New Jersey because it involves the sale of certain shares of a company located in Hyderabad on the Indian Stock Exchange and because there are related litigations taking place in India.

Finally, the Court also finds that the third, fourth and fifth factors also weigh in favor of dismissal. New Jersey choice of law rules instruct that the governing law in contract cases is "that of the jurisdiction with the most significant relationship and closest contacts with the transaction and the parties." *Pepe v. Rival Co.,* 85 F. Supp.2d 349, 380 (D.N.J. 1999). Accordingly, Indian law would likely govern this dispute. There is certainly an appreciable amount of difficulty associated with having this Court apply Indian contract law and having to instruct and burden the local jury with a body of law foreign to them on a matter that is not sufficiently connected to the local forum.

In sum, the Court finds that the public factors also weigh in favor of dismissal because trial in New Jersey would result in "oppression or vexation" to Defendant that is out of proportion to Plaintiffs' convenience.

### III. CONCLUSION

The Court therefore finds that (1) the courts of India are an available adequate alternative forum; (2) Plaintiff's choice to litigate this matter in New Jersey should be afforded little deference; and (3) the private and public factors weigh in favor of dismissal. As such, this Court grants Defendants's motion to dismiss for *forum non conveniens*. The Court will issue an appropriate Order.

s/ Esther Salas  
**ESTHER SALAS**  
**UNITED STATES DISTRICT JUDGE**